UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RECEIVED ym

SEP 21 2012
SEP 21 2012
THOMAS G BRUTON
CLERK, U.S DISTRICT COURT

Cleveland Cox

_____

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

Officer Matt Mackowiak
Chicago Police Department

_____

_____

_____

(Enter above the full name of ALL
defendants in this action. <u>Do not</u>
use "et al.")

12 C 7564
Judge John A. Nordberg
Magistrate Judge Nan R. Nolan

**CHECK ONE ONLY:**

✓  **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983
    U.S. Code** (state, county, or municipal defendants)

___  **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE
    28 SECTION 1331 U.S. Code** (federal defendants)

___  **OTHER** (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR
FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

I. **Plaintiff(s):**

A. Name: Cleveland Cox

B. List all aliases: NONE

C. Prisoner identification number: R55410

D. Place of present confinement: Vandalia Correctional Center

E. Address: P.O box 500 Vandalia IL. 62471

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II. **Defendant(s):**
(In A below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in B and C.)

A. Defendant: Matt Mackowiak star #5156

Title: Police Officer

Place of Employment: Chicago Police Department 7 District 1400 W. 63 Street Chicago IL. 60620

B. Defendant: Chicago Police Department

Title: Chicago Police Department

Place of Employment: 3510 South Michigan Chicago IL, 60653

C. Defendant: _____

Title: _____

Place of Employment: _____

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

III. List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:

   A. Name of case and docket number: NONE

   B. Approximate date of filing lawsuit: NONE

   C. List all plaintiffs (if you had co-plaintiffs), including any aliases: NONE

   D. List all defendants: NONE

   E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): NONE

   F. Name of judge to whom case was assigned: NONE

   G. Basic claim made: NONE

   H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): NONE

   I. Approximate date of disposition: NONE

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

Statement of Claim:

On April 20, 2011, Cleveland Cox was arrested by Officer Matt Mackowiak, star number 5156 for possession of stolen motor vehicle. Mr. Cox went Pro Se and had a bench trial and was found guilty on September 29, 2011. Mr. Cox was sentence to seven years and appeal his conviction. Base upon facts that occur during trial, Mr. Cox constitutional rights were violated. The ponderous of the evidences will show that officer Matt Mackowiak deliberately lied under oath and was impeached by Mr. Cox. The Court acknowledge that by saying "Well, I think you have done that a couple times" (Trial transcript page 34, line 12-16). The Court was bias in not discrediting officer Mackowiak testimony. Officer Mackowiak was impeached about the description of the vehicle, the Arrest Report and Auto thief Report. Officer Mackowiak was acting under the color of law when he arrested Mr. Cox and testified against him during trial. The impeachments are the following: 1) Officer Mackowiak impeach himself by changing his testimony. On direct examination officer Mackowiak never stated he saw complaint witness Ms. Hoyes vehicle as having had damage to it, when he was asked about how the vehicle appear and looked (Trial transcript page 24, line 14-18). Question: Now, when you first saw the vehicle how did that vehicle appear to you? What did it look like? Answer: I mean it, you know, just a Chevy cavalier with a template nothing. On cross examination (Trial transcript page 28, line 5-6, line 11-16).

(1)

Question: When you returned Ms. Hayes vehicle to her was there any damage, visible damage? The Witness: There was a flat tire. I believe there was a driver's side front was flat. There was a donut on the driver's side - I'm sorry passenger side front and there seemed to be some damage to the - I believe it was the driver's side mirror.

2) Officer MacKowiak impeach himself again, He stated the complaint witness Ms. Hayes vehicle had damage (Trial transcript page 28, line 11-16). That contradict what Officer MacKowiak stated in the Auto thief Report, which he signed and reported that Ms. Hayes vehicle as having no damage. Officer MacKowiak gave the following answers when question what was stated in the Auto thief Report. (Trial transcript page 29, line 14-24, page 30, line 2-4). Questions: Can you look at line 14 for me and tell me what that say? Answer: Evidence of stripping damage. Question - yes, Could you please tell me what is checked? Answer: NONE. Question: Can you also tell me - could you also tell the court what other boxes are also in there, in that column? Answer: Burn, radio, tires, ignition, block, pulled, interior, engine, transmission, steering, column peeled and body parts. Question: and you did sign this document correct, officer? Answer: yes.

3) Officer MacKowiak stated he wasn't aware Mr. Cox had a head injury (Trial transcript page 32, line 3-8).

Question: Are you aware that Mr. Cox had a head injury? The Court: you mean when he went and stopped you? The defendant: when I was arrested. The witness: NO. That contradict what's stated in his Arrest Report (Trial transcript page 33, line 5-8). Question: Officer, can you please read the question and remark section. Answer: Arrestee has bruises and swelling to right forehead. Mr. Cox also went to hospital for that injury. (Trial transcript page 34, line 2-6). The defendant: yes, movement log section under designation. The Witness: 20 April, 2011 6:44 district 7 lock-up; 20 April, 2011, 6:44 Holy Cross; 20 April, 2011, 9:47 district 7 lock-up. Officer Mackowiall is the attesting officer of the Arrest Report. By stating he wasn't aware of Mr. Cox injury that contradict his earlier statement that he gave a complete and accurate statement about the Arrest Report (Trial transcript page 27, line 17-22). Question: Okay, Did you give a complete and accurate statement about the events in the Arrest Report, yes or no? Mr. Jaquish: objection. The Court: overruled. The witness: yes.

Mr. Cox is claiming false Arrest, false imprisonment, brutality, Acting under the color of law, false Reports.

I have also enclosed copies of the trial transcripts that's stated in the statement of claim and a copy of my Auto thief Report.

(3)

V. **Relief:**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

Be Compensated, in the amount of 8.5 million dollars.

VI. The plaintiff demands that the case be tried by a jury. ☒ YES ☐ NO

## CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this 12 day of Sept., 20 12

Cleveland Cox
(Signature of plaintiff or plaintiffs)

Cleveland Cox
(Print name)

R55410
(I.D. Number)

Vandalia Correctional Center
P.O Box 500
Vandalia IL, 62471
(Address)

1  back.
2     Q. And when you started following the
3  vehicle, how long did you follow the vehicle the
4  defendant was in?
5     A. I would say maybe 45 seconds.
6     Q. How far did you travel during this 45
7  seconds?
8     A. Approximately maybe a total of three to
9  four blocks.
10    Q. And after the vehicle stopped and the
11 defendant exited, fled on foot, about how far
12 did you chase him?
13    A. Approximately one block.
14    Q. Now, when you first saw the vehicle how
15 did that vehicle appear to you? What did it
16 look like?
17    A. I mean it, you know, just a Chevy
18 Cavalier with a temp plate, nothing...
19    Q. What color was it?
20    A. Black.
21    Q. And what type --
22       THE COURT: One second. He said a
23 Chevy Cavalier -- what did you say before the
24 word plate.

```
 1              Did you have Mr. Cox sign a Miranda
 2   waiver form saying he was giving up his right to
 3   remain silent, yes or no?
 4       A.  Can you repeat that.
 5       Q.  Do you have  --
 6              THE COURT: Hold on.  Mr. Cox, you are
 7   going to have to talk a little bit slower, so
 8   the court reporter and can get it and he can
 9   hear every word.  You're going a little too
10   fast.
11              THE DEFENDANT: All right.
12   BY THE DEFENDANT:
13       Q.  Did you have Mr. Cox to sign a Miranda
14   waiver form stating that he was giving up his
15   right to remain silent, yes or no?
16       A.  No.
17       Q.  Okay.  Did you give a complete and
18   accurate statement about the events in the
19   arrest report, yes or no?
20           MR. JAQUISH :  Objection.
21           THE COURT:  Overruled.
22           THE WITNESS:  Yes.
23   BY THE DEFENDANT:
24       Q.  When you returned Ms. Hayes' vehicle was
```

```
 1   there any damage done to her vehicle, yes or
 2   no?
 3            THE COURT:  Say that again.
 4   BY THE DEFENDANT:
 5       Q. When you returned Ms. Hayes' vehicle to
 6   her was there any damage, visible damage?
 7            MR. JAQUISH :  Objection, relevance.
 8            THE COURT:  Overruled.  You can tell us
 9   if you observed any damage on that vehicle that
10   you stopped.
11            THE WITNESS:  There was a flat tire.  I
12   believe there was a driver's side front tire was
13   flat.  There was a donut on the driver's side --
14   I'm sorry, passenger side front, and there
15   seemed to be some damage to the -- I believe it
16   was the driver's side mirror.
17   BY THE DEFENDANT:
18       Q. Officer, did you know -- you stated on a
19   report that it was no damage done to that
20   vehicle?
21       A. I don't recall.
22            THE DEFENDANT:  May I?
23            THE COURT: I'm going to ask the State to
24   assist you since we are down to one deputy.  Can
```

you tender that document up, marked it as
Defendant's Number 1, and you can go ahead and
question him on that.

          (Defendant's Exhibit No. 1
          marked for identification.)

BY THE DEFENDANT:

    Q. Would you tell me the name of this document?

    A. I'm sorry?

    Q. Could you tell me the name of this document?

    A. This is a -- looks like motor vehicle death document.

    Q. Can you look at Line 14 for me and tell me what that says?

    A. Evidence of stripping damage.

    Q. Yes. Could you please tell me what is checked?

    A. None.

    Q. Can you also tell me -- could you also tell the Court what other boxes are also in there, in that column?

    A. Burn, radio, tires, ignition, block pulled, interior, engine, transmission, steering

```
 1    column peeled, and body parts.
 2        Q. And you did sign this document, correct,
 3    officer?
 4        A. Yes.
 5            THE DEFENDANT:  That will be all for
 6    that document, your Honor.
 7            THE COURT:  All right.  It will be
 8    returned to you.
 9    BY THE DEFENDANT:
10        Q. Officer, did you fabricate any events of
11    the arrest report?
12            THE COURT:  Did he what?
13            THE DEFENDANT:  Fabricate any events in
14    the arrest report.
15            THE COURT:  Did he fabricate any events
16    in the arrest report?
17            THE DEFENDANT:  Yes.
18            THE COURT:  Overruled.  He can answer
19    that.
20            THE WITNESS:  No.
21    BY THE DEFENDANT:
22        Q. Do you know that Mr. Cox went to the
23    hospital for a head injury, yes or no?
24            MR. JAQUISH :  Objection, relevance.
```

THE COURT: Sustained unless you're going to put a specific time on it. I don't know when you're talking about.

THE DEFENDANT: Just a moment then, your Honor.

BY THE DEFENDANT:

Q. Do you know that Mr. Cox went to Holy Cross Hospital on April 20th, at 6:44 in the morning?

MR. JAQUISH: Objection, relevance.

THE COURT: I am going to sustain that based upon the timing.

THE DEFENDANT: It was that same night, your Honor, that I was arrested.

THE COURT: I don't know what that would have to do with this officer. If you want to ask some preliminary questions that would somehow make it relevant, but I haven't heard of any injuries or any accidents or anything, so I don't know how it's relevant at this point.

THE DEFENDANT: It's relevant because I was injured, and it's not stated in this report, and I don't know why --

THE COURT: Well, ask him those

```
1    questions first.
2    BY THE DEFENDANT:
3        Q.  Are you aware that Mr. Cox had a head
4    injury?
5            THE COURT:  You mean when he went and
6    stopped you?
7            THE DEFENDANT:  When I was arrested.
8            THE WITNESS:  No.
9    BY THE DEFENDANT:
10       Q.  You are not aware of that?
11           THE COURT:  He said no.
12           THE DEFENDANT:  Just a moment, your
13   Honor.
14           THE COURT:  Okay.
15           THE DEFENDANT:  I would like for the
16   officer to read this, to have him --
17           THE COURT:  Is this a different report
18   or is it the same?
19           THE DEFENDANT:  This is the arrest
20   report.
21           THE COURT:  A different one, so you'll
22   mark it Defendant's Number 2.
23           THE DEFENDANT:  Yes.
24           THE COURT:  All right, the officer will
```

```
 1  be tendered that.
 2                    (Defense Exhibit No. 2  marked
 3                     for Identification.)
 4  BY THE DEFENDANT:
 5      Q. Officer, can you please read the question
 6  and remark section.
 7      A. Arrestee has bruises and swelling to
 8  right forehead. Arrestee relates he takes
 9  medication for diabetes.
10         THE DEFENDANT: Would you pass that to
11  him, also just an arrest report.
12         THE COURT: Are you showing a different
13  exhibit now?
14         THE DEFENDANT: It's the same arrest
15  report, just a different page.
16         THE COURT: Let's mark it Defendant's
17  Number 3. So we are clear, page 2 of the arrest
18  report.
19                    (Defense Exhibit No. 3 marked
20                     for Identification.)
21  BY THE DEFENDANT:
22      Q. Could you read the movement log section
23  under designation.
24         THE COURT: Movement log section you
```

```
 1  want him to refer to?
 2         THE DEFENDANT:  Yes, movement log
 3  section under designation.
 4         THE WITNESS:  20 April, 2011, 6:44
 5  District 7 lockup; 20 April, 2011, 6:44, Holy
 6  Cross; 20 April, 2011, 9:47 District 7 lockup.
 7  BY THE DEFENDANT:
 8     Q.  Thank you.
 9         Officer, do you recall how Mr. Cox
10  got those injuries?
11     A.  No, I do not.
12         THE DEFENDANT:  Your Honor, at this
13  time, right, I would like to impeach this
14  officer.
15         THE COURT:  Well, I think you have done
16  that a couple times.  When you say you want to
17  impeach him, what are you talking about
18  specifically?
19         THE DEFENDANT:  Because to me he didn't
20  give a -- he stated that earlier he gave a
21  completely accurate report about the --
22         THE COURT:  You can argue that later,
23  but any more questions for him?
24         THE DEFENDANT:  No.
```