# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JOHN A. NORDBERG | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 7564 | **DATE** | June 18, 2013 |
| **CASE TITLE** | Cleveland Cox (#R-55410) vs. Matt Mackowiak, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to amend #[36] is denied, without prejudice. The plaintiff's motion for an extension of time to amend #[37] is granted. The plaintiff is granted an additional thirty days from the date of this order to submit a proposed second amended complaint. The court urges the plaintiff both to draft his second amended complaint on the court's required form, and to use only the space provided. The second amended complaint should set forth only the basic facts. Legal citations and legal arguments are not appropriate in a complaint. The clerk is directed to mail the plaintiff an amended civil rights complaint form and instructions along with a copy of this order. The defendant's motion for an extension of time #[38] to respond to the motion to amend is denied as moot. No appearance is necessary on June 26, 2013.

■ **[For further details see text below.]**  **Docketing to mail notices.**

## STATEMENT

The plaintiff, an Illinois state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendant, a Chicago police officer, violated the plaintiff's constitutional rights by falsely arresting him, fabricating evidence against him, and using unjustified force during the course of the arrest.

By Minute Entry of March 20, 2013, the court granted the plaintiff leave to submit an amended complaint and terminated as moot the defendant's motion to dismiss the original complaint for failure to state a claim. The plaintiff has now submitted an amended complaint as directed. In addition to expanding on his claims against Officer Mackowiak, the plaintiff seeks to add the City of Chicago as a second defendant.

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt threshold review of the amended complaint. Here, the proposed pleading is unacceptable for several reasons. First, the plaintiff failed to use the court's required form. *See* Local Rule 81.1 (N.D. Ill.). Second, the lengthy, rambling amended complaint violates Fed. R. Civ. P. 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." In particular, the amended complaint contains numerous legal arguments and case citations, which are inappropriate in a complaint. The plaintiff should set forth only the basic facts indicating how the defendant violated his constitutional rights.

**(CONTINUED)**

mjm

**STATEMENT (continued)**

Furthermore, the plaintiff appears to have pled himself out of court at least with respect to his false arrest claim. The plaintiff seems to concede that he failed to stop at a stop sign, which is an arrestable offense. *See, e.g., United States v. Rankins*, 118 Fed. App'x 62, 65 (7th Cir. 2004); *see also United States v. Lewis*, 910 F.2d 1367, 1371 (7th Cir. 1990) (there was a reasonable basis for a traffic stop where there was "no doubt" a defendant ran a stop sign); *Hargarten v. Dart*, No. 05 C 6006, 2009 WL 103153, at *1 (N.D. Ill. Jan. 15, 2009) (mentioning without questioning the propriety of the plaintiff's arrest for running a stop sign).

Because Officer Mackowiak had probable cause to arrest the plaintiff for a traffic violation, it is irrelevant whether there was a sufficient legal basis for arresting him on the independent offense of possession of a stolen vehicle. So long as an officer has probable cause to arrest for **any** offense, the arrest does not violate the Fourth Amendment. *See, e.g., Devenpeck* v. *Alford*, 543 U.S. 146, 153 (2004); *Whren* v. *United States*, 517 U.S. 806, 812-13 (1996); *United States v. Bass*, 325 F.3d 847, 850 (7th Cir. 2003) ("Any ulterior motive an officer may have for making the stop is irrelevant."). The plaintiff should therefore consider dropping his false arrest claim from his second amended complaint.

The plaintiff should also drop any claim that Mackowiak lied on the stand. As the court previously advised the plaintiff, *see* Minute Order of September 27, 2012, police officers acting as witnesses "have absolute immunity from a damages suit based on their testimony." *Gauger v. Hendle*, 349 F.3d 354, 358 (7th Cir. 2003), *citing Briscoe v. LaHue*, 460 U.S. 325, 345-56(1983). The plaintiff cannot recover damages under Section 1983 for the allegedly false testimony, and the plaintiff must refrain from continuing to re-assert that non-meritorious claim.

Moreover, the plaintiff cannot, in the context of a civil rights action, challenge his conviction for possession of a stolen vehicle. "[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *see also VanGilder v. Baker*, 435 F.3d 689, 691 (7th Cir. 2006). Until the sentence has been invalidated, the cause of action for damages simply "does not accrue." *Heck*, 512 U.S. at 490. The plaintiff seems to be arguing throughout his amended complaint that there was insufficient evidence to convict him. However, if the plaintiff seeks federal review of his conviction, he must file a petition for a writ of habeas corpus under Section 2254 (assuming he can meet the statutory requirements for doing so). The court cannot entertain a claim in this case that the plaintiff's conviction was invalid.

Finally, the plaintiff has articulated no basis for liability on the part of the City of Chicago. The doctrine of *respondeat superior* (blanket municipal liability) does not apply to actions filed under 42 U.S.C. § 1983. *Jenkins v. Bartlett*, 487 F.3d 482, 492 (7th Cir. 2007). "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978). "Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983." *Id.* A plaintiff must show a "direct causal link between the municipal policy
**(CONTINUED)**

**STATEMENT (continued)**

and the constitutional deprivation." *Arlotta v. Bradley Center*, 349 F.3d 517, 522 (7th Cir. 2003). The policy or custom must be the "moving force" behind the alleged constitutional deprivation. *Gable v. City of Chicago*, 296 F.3d 531, 537 (7th Cir. 2002).

In the case at bar, the plaintiff alleges no unconstitutional custom or policy that resulted in the alleged constitutional violations. False arrest, fabrication of evidence, and excessive force cannot reasonably be attributed to the municipal ordinance requiring drivers to stop at stop signs, as the plaintiff implicitly contends. There is no plausible allegation that the events giving rise to this lawsuit were the result of a municipal policy or widespread practice. To the contrary, the defendant's actions, if true, would presumably violate a number of police department policies and regulations.

For the foregoing reasons, the court dismisses the amended complaint without prejudice. The plaintiff's accompanying motion for an extension of time to amend is granted. The plaintiff is granted thirty days in which to submit a second amended complaint. The second amended complaint should set forth the plaintiff's basic claims against Officer Mackowiak. The plaintiff should state only facts, leaving legal arguments and case law to briefs relating to motions to dismiss or for summary judgment. The plaintiff must write both the case number and the judge's name on the second amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the court, the plaintiff must provide an extra copy for the judge; he must also include a certificate of service showing that a copy was mailed to defense counsel. No proof of the plaintiff's claims is necessary at this time; however, if the plaintiff includes any exhibits for the court's review, each copy of the second amended complaint must include complete copies of any and all exhibits.

The clerk will provide the plaintiff with an amended complaint form and instructions. If the plaintiff fails to comply within thirty days, the case will be summarily dismissed on the understanding that the plaintiff does not wish to pursue his claims in federal court at this time.