IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CLEVELAND COX, ) | |
| ) | Civil Action No. 12 C 7564 |
| Plaintiff, ) | |
| ) | The Hon. Judge Alonso |
| v. ) | |
| ) | |
| CHICAGO POLICE OFFICER ) | |
| MATT MACKOWIAK, Star No. 5156, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANT'S RULE 50(a) MOTION FOR JUDGMENT AS A MATTER OF LAW AS ON PLAINTIFF'S ILLEGAL STOP CLAIM

Defendant Officer Matthew Mackowiak ("Defendant Officer Mackowiak"), by one of his attorneys, Lindsey Vanorny, Assistant Corporation Counsel, moves this Honorable Court pursuant to Federal Rule of Civil Procedure 50(a) for judgment as a matter of law on the Plaintiff's illegal stop claim.

**Introduction**

Under Rule 50(a), the court may "enter judgment against a party who has been fully heard on an issue during a jury trial if a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." *Schandelmeier-Bartels v. Chicago Park Dist.*, 634 F.3d 372, 376 (7th Cir. 2011) (internal citation omitted). The motion for judgment as a matter of law "may be made at any time before the case is submitted to the jury." Fed. R. Civ. P. 50(a)(2). The Court should grant judgment as a matter of law for the Defendant Officer Mackowiak on the Plaintiff's illegal stop claim because by the time Plaintiff was actually seized there were uncontested grounds to support that stop.

1

## Discussion[1]

In the present case, Plaintiff Cleveland Cox brought an illegal stop claim under 42 U.S.C. § 1983. *See* Dkt. Nos. 48-49. At trial, Defendant Officer Mackowiak testified that he observed Plaintiff fail to stop for a stop sign in violation of Illinois law, and that because of this he pulled behind Plaintiff's vehicle and used his flashing lights to require Plaintiff to stop. Although Plaintiff denies that he failed to stop at the stop sign, he admits that he failed to stop his vehicle when the police car turned on its flashing lights. Plaintiff continued to drive away from the police car and then when he finally did stop the car, he ran from the police on foot. By the time a seizure occurred (which was only when Plaintiff stopped and submitted to Defendant Officer Mackowiak's authority), there had indisputably been a traffic violation.

In addition, Defendant Officer Mackowiak testified that as he was following Plaintiff's vehicle, his partner, Officer Kevin Krofta, ran the temporary licenses plates on Plaintiff's vehicle and discovered that the plates came back to a Chevy Venture van. The vehicle Plaintiff was driving was a Chevy black four-door sedan. Defendant Officer Mackowiak testified that he learned of this information early on in the car chase, and before Plaintiff surrendered following the foot chase. This provides an additional basis for Plaintiff's stop.

**A. The seizure for Fourth Amendment purposes occurred only when Plaintiff surrendered after the foot chase.**

"[A] seizure is the sum of two parts. First, there must be either a show of authority or a use of force; and second, the show of authority or use of force must have caused the fleeing individual to stop attempting to escape." *United States v. Bradley*, 196 F.3d 762, 768 (7th Cir. 1999). In the present case, it is undisputed that there was no use of force by the police prior to

---

[1] Defendants will supplement their motion with the transcripts of the trial testimony of Plaintiff and of Officer Mackowiak later.

taking Plaintiff into police custody.[2] Thus, the seizure here occurred by a show of authority coupled with Plaintiff stopping his flight. This did not occur until after both the pursuit of Plaintiff in his vehicle and on foot.

The Seventh Circuit made this clear in a case with a similar factual setup, *United States v. Griffin*, 652 F.3d 793 (7th Cir. 2011). In that case, police turned on emergency lights to pull over Griffin, but Griffin ignored them and kept driving at normal speeds for about one minute before ultimately pulling to the side of the road and stopping. Along the way, Griffin tossed a bag out of his car, which turned out to contain narcotics. The police in that case conceded that they lacked a reasonable suspicion upon which to stop Griffin (by the end of the pursuit, Griffin had violated traffic laws). Griffin tried to suppress the introduction of the bag which he had thrown, arguing that it was the fruit of an illegal seizure. The Seventh Circuit held that the seizure did not take place when the police turned on their lights and siren. "Activating their emergency lights, however, unquestionably qualified as a show of authority, and it is undisputed that Griffin eventually submitted to their show of authority." *United States v. Griffin*, 652 F.3d 793, 798 (7th Cir. 2011) (internal citation omitted). But the seizure was not complete until Griffin actually submitted to the show of authority. *See also Carter v. Buscher*, 973 F. 2d 1328, 1333 (7th Cir. 1992) ("[A] seizure requires not only that the reasonable person feel that he is not free to leave, but also that the subject actually yield to a show of authority from the police or be physically touched by the police." ).

In the present case, the Plaintiff has alleged a violation of his constitutional rights by a wrongful stop. But the stop—the seizure, in constitutional terms—took place only after he surrendered following the foot chase.

---

[2] Plaintiff claims that Defendant Officer Mackowiak used force on Plaintiff *after* Plaintiff was taken into police custody.

### B. By the time that Plaintiff was seized, he had already committed several offenses that provided probable cause for the stop.

By the time that Plaintiff actually submitted to Officer Mackowiak's authority, when he surrendered after the foot chase, Plaintiff had already committed several offenses that provide a lawful basis for the stop. "The police have probable cause to arrest an individual when 'the facts and circumstances within their knowledge and of which they [have] reasonably trustworthy information [are] sufficient to warrant a prudent [person] in believing that the [suspect] had committed or was committing an offense.'" *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1246 (7th Cir. 1994). Furthermore, an officer may arrest an individual without violating the Fourth Amendment if there is probable cause to believe that the offender has committed even a very minor offense in the officer's presence. *Atwater v. City of Chicago*, 532 U.S. 318, 322 (2001).

#### 1. Before Plaintiff was seized, Defendant Officer Mackowiak and Officer Krofta learned that the temporary license plates on Plaintiff's vehicle came back to a different type of vehicle than the one he was driving.

Here, it is undisputed that Defendant Officer Mackowiak learned before the time that Plaintiff was actually seized that the temporary license plates on Plaintiff's vehicle came back to a Chevy Venture van, while Plaintiff was driving in a Chevy four-door sedan. Under Section 5/4-104(a)(4) of the Illinois Vehicle Code, it is illegal to display or affix to a vehicle any license plate not authorized by law for use on such a vehicle. *See* 625 ILCS 5/4-104(a)(4). Defendant Officer Mackowiak's testimony that Officer Krofta ran the plates before Plaintiff's vehicle stopped is undisputed in this case. Officer Mackowiak thus had probable cause to believe that the Plaintiff had committed a crime before the time that the Plaintiff was actually seized.

### 2. Before Plaintiff was seized, he had failed to pull to the side of the road for a police car displaying emergency lights.

In addition, it is undisputed that Officer Mackowiak turned on his emergency lights and that Plaintiff saw but ignored those signals. Thus, by the time Plaintiff stopped, the police had probable cause to believe that a traffic violation had occurred.

Illinois law requires drivers to obey a police directive to stop a vehicle:

> Any driver or operator of a motor vehicle who, having been given a visual or audible signal by a peace officer directing such driver or operator to bring his vehicle to a stop, wilfully fails or refuses to obey such direction, increases his speed, extinguishes his lights, or otherwise flees or attempts to elude the officer, is guilty of a Class A misdemeanor.

625 ILCS 5/11-204. It is undisputed that Officer Mackowiak used his emergency lights to indicate that Plaintiff should stop his vehicle, and that Plaintiff chose to not obey the signals given by Officer Mackowiak.

In the present case, a reasonably prudent person would believe that the Plaintiff had violated the 625 ILCS 5/11-204 when he failed to stop for Officer Mackowiak. Therefore, Officer Mackowiak had probable cause to believe that Plaintiff had committed this offense before Plaintiff was seized following the foot chase. In sum, probable cause for either one of these offenses is sufficient to bar Plaintiff's illegal stop claim. *See Sroga v. Weiglen*, 649 F.3d 604, 608 (7th Cir. 2011) (the existence of probable cause to arrest for *any* offense will defeat a Fourth Amendment illegal stop claim).

### CONCLUSION

WHEREFORE, Defendant respectfully requests that this Court to enter a directed verdict in his favor on Plaintiff's illegal stop claim.

Respectfully Submitted,

By: <u>/s/ Lindsey Vanorny</u>
Assistant Corporation Counsel
City of Chicago Department of Law
30 North LaSalle Street, Suite 900
Chicago, Illinois 60602
(312) 742-0234
Attorney No. 6303642

By: <u>/s/ Lael Weinberger</u>
Law Clerk
City of Chicago Department of Law
30 North LaSalle Street, Suite 900
Chicago, Illinois 60602